**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

KATHLEEN SHAFFER,

    Plaintiff,

v.                                                                          Case No. 08-11516

GIOVE LAW OFFICE, P.C.,
SHERRY ANDERSON,

    Defendants.
                                                         /

**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL
MANDATORY DISCLOSURES AND GRANTING PLAINTIFF'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Before the court are Plaintiff Kathleen Shaffer's "Motion to Compel Mandatory Disclosures" and "Motion to Compel Discovery Responses," both filed September 8, 2008. The deadline for Defendants to file responses has passed, *see* E.D. Mich. LR 7.1(d)(2)(B), and Plaintiff's motions stand unopposed. E.D. Mich. Local Rule 7.1 requires that a party "opposing a motion must file a response," *see* E.D. Mich. LR 7.1(b), and since Defendants have not responded, the court concludes that they do not oppose the substance of the motions. Therefore, the court will order Defendants to serve Plaintiff with the required disclosures and discovery responses.[1]

---

[1] The court observes that Defendants *appear* to have complied Federal Rule of Civil Procedure 26 initial disclosures. Rule 26 only requires disclosures when "the disclosing party may use [the disclosure] to support its claims or defenses." Fed. R. Civ. P. 26(a)(1). Consequently, Defendants need only disclose under Rule 26 those items with which Defendants will choose to support their claims or defenses. The Defendants, however, seem to have failed to respond to the July 17, 2008 interrogatories with which Plaintiff served Defendants, although Plaintiff's interrogatories, in turn, appear to exceed the limits of Federal Rule of Civil Procedure 33. (Pl.'s Mot. Compel Interr. Ex. A.)

Plaintiff also requests costs and attorney's fees under Federal Rule of Civil Procedure 37, which provides, in part:

> the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion [to compel] . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

Fed. R. Civ. P. 37(a)(5)(A). Limited to the circumstances of this case, the court finds that sending an email containing a stipulated proposed order to Defendants' attorney for concurrence does not adequately fulfill the predicate requirements of Rule 37 for awarding expenses. *See* Fed. R. Civ. P. 37(a)(5)(A) advisory committee's note to subsection (a) ("The amendment does not significantly narrow the discretion of the court."). Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Compel Mandatory Disclosures" [Dkt. # 21] is GRANTED IN PART: Defendants must serve Plaintiff with any missing Rule 26 disclosures on or before **October 16, 2008**.

IT IS ALSO ORDERED that Plaintiff's "Motion to Compel Discovery Responses" [Dkt. #22] is GRANTED IN PART: Defendants must serve Plaintiff with any missing discovery responses on or before **October 16, 2008**.

IT IS FINALLY ORDERED that Plaintiff file a notice of compliance (or non-

compliance if circumstances so require) forthwith upon receipt of the ordered items, but not later than **October 20, 2008.**

                                            s/Robert H. Cleland
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: October 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 14, 2008, by electronic and/or ordinary mail.

                                            s/Lisa G. Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522