**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


KATHLEEN SHAFFER,

    Plaintiff,

v.                                                           08-CV-11516-DT

GIOVE LAW OFFICE, PC AND SHERRY
ANDERSON,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR ALTERNATE SERVICE AND**
**ENLARGEMENT OF TIME FOR SERVICE**

Pending before the court is Plaintiff's "Motion for Alternate Service and Enlargement of Time for Service," filed November 21, 2008.[1] Having reviewed the brief in the case, the court concludes a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiff's motion for alternate serve and to extend the time for service.

Plaintiff proceeds under Rule 4(e)(1) of the Federal Rules of Civil Procedure, pursuant to Michigan Court Rules 2.105 and 2.106. Michigan Court Rule 2.105(I)(1)

---

[1] Plaintiff previously filed a paper on a State of Michigan pre-printed court form entitled "Motion and Verification for Alternate Service," seeking to serve the presently unserved Defendant Sherry Anderson by alternate means, i.e., sending by mail to her last known address an Order for Alternate Service – and, presumably, a copy of the Summons and Complaint – and posting the same at various courts in the Buffalo, New York area. After the court's staff instructed Plaintiff's counsel regarding the improper manner of filing, E.D. Mich. LR 7.1(c)(1)(A), counsel filed a notice withdrawing the previous motion [Dkt. # 28] and filed the instant motion.

requires "a showing that service of process cannot reasonably be made as provided by this rule"[2] in order to justify service of process in any other manner. M.C.R. 2.105(I)(1). The Rule also requires that a motion seeking this form of service "must set forth sufficient facts to show that process cannot be served under this rule and must state the defendant's address or last known address, or that no address of the defendant is known. If the name or present address of the defendant is unknown, the moving party must set forth facts showing diligent inquiry to ascertain it." M.C.R. 2.105(I)(2). In her brief, Plaintiff summarizes and relies upon attached exhibits to argue for her need for alternate service.

One exhibit is an affidavit comprising a pre-printed, fill-in-the-blanks form signed by William F. Brown, a process server, and stating that the unserved Defendant "had moved 3 months before" from an address on Homewood Avenue in Buffalo, New York, and that she "left no forwarding address" relative to that location. He states that she was "unknown" at four other addresses – 26 Edgewood, 41 LeMans, 1041 Walden and 20 Portland – in or near Buffalo. (Pl.'s Mot. Ex. A.)

A second exhibit, signed by Plaintiff's counsel, summarizes in paragraphs the process server's terse statements, but provides no additional information save that the "other addresses" referred to by the process server "were obtained from publicly available databases" (which databases, how or when is not stated) and that various courts in the Buffalo area constitute "public places." (Pl.'s Mot. Ex. B.)

---

[2] The rule contemplates chiefly "delivering a summons and a copy of the complaint to the defendant personally" or sending the same "by registered or certified mail, return receipt requested" so long as the Defendant acknowledges receipt in writing. M.C.R. 2.105(A)(1),(2).

Plaintiff asserts that she has set forth "facts showing diligent inquiry to ascertain . . . [the] present address of the defendant . . . ." M.C.R. 2.105(I)(2). The court cannot agree. In Michigan, courts, for at least the past twenty-five years, have spoken to both the increasing mobility of people and the efforts reasonably needed to justify alternate service. *See, e.g., Krueger v. Williams*, 300 N.W.2d 910, 916 (Mich. 1981) ("Plaintiff made diligent efforts to locate the defendant. An investigator was hired and various locations checked. Affidavits of two investigators as well as plaintiff's attorney were filed reflecting these efforts. *Plaintiff has demonstrated that there were no other means available* to her to effect service of process except by appealing to the court, in its discretion, to allow her to serve the defendant's liability insurer.") (emphasis added).

Here, the court has virtually no information to explain the kind of research or investigation Plaintiff has conducted to ascertain that Plaintiff's current address cannot be found. "Publicly available databases" as mentioned by Plaintiff are not the only means in the twenty-first century to locate a person. The court can easily take judicial notice that there exist many companies organized specifically to find missing people, as well as no-cost services such as online name searches.[3]

Far more than this would be required to persuade the court that mailing to an address that Plaintiff already *knows* is not Anderson's current residence, combined with posting papers at several New York courthouses could suffice as actions "reasonably calculated to give [the Defendant] actual notice of the proceedings and an opportunity to

---

[3] Even if Plaintiff were limited to using a no-cost search, the court notes that a common, free online name-searching device reveals at least one residential address for a "Sherry Anderson" in Buffalo, New York, not listed by Plaintiff.

3

be heard." *Milliken v. Meyer,* 311 U.S. 457, 463 (1940), *rehearing denied* 312 U.S. 712 (1941). It seems to the court that, here, quite the opposite is true: the steps proposed would lead inevitably, although perhaps not in a calculated way, to a failure of actual notice and a deprivation of the opportunity to be heard.

Plaintiff also seeks to extend the time for service by sixty days in order to locate and serve Defendant. (Pl.'s Mot. at 6.) However, Plaintiff has shown little diligence in the matter so as to persuade the court to grant the extension. The present lawsuit has been pending since April 8, 2008. (Pl.'s Mot. at 1.) Plaintiff first became aware of the unserved Defendant's identity on July 17, 2008, and Plaintiff has possessed a summons for the unserved Defendant since July 31, 2008. (Pl.'s Mot. at 1-2.) While Plaintiff filed a number of motions with this court regarding service of Defendant, Plaintiff has nonetheless not demonstrated to the court that failure of service results from other than Plaintiff's own lack of action, and the court will not sanction such delay. Accordingly,

IT IS ORDERED that the Plaintiff's "Motion for Alternate Service and Enlargement of Time for Service" [Dkt. #29] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: November 25, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 25, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522